UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAWANDA NEVERS                                                CIVIL ACTION

VERSUS                                                         NO. 19-12241

LOUISIANA DEPARTMENT OF PUBLIC                                 SECTION "F"(4)
SAFETY AND CORRECTIONS, ET AL.

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff, Shawanda Nevers ("Nevers"), is incarcerated in the Louisiana Correctional Institute for Women ("LCIW") in St. Gabriel, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the following defendants each in their official capacity: the Louisiana Department of Public Safety and Corrections ("DOC") through Secretary James M. LeBlanc; Rhett Convington; Warden Frederick M. Boutte; Deputy Warden Morgan Leblanc; Assistant Warden Freddie J. Jackson; Assistant Warden Lashawnda Burks; Assistant Warden Pedascleaux; Colonel Brown; Major Jenkins; Captain John-Johnson; Lieutenant Lawanda Williams; Lieutenant Roberson; Sergeant Smith; Ashley Myles; Ms. Hutchinson; Major White; Captain Murphy; Mr. Coleman; Kaylin Templet-Dedon; Sgt. Moody; Assistant Warden Jordan; and Debbie Rutledge.[1] The plaintiff alleges that she has been harassed, targeted, threatened, and endangered by the named defendants, who are alleged to be prison staff at LCIW, a prison under the control of the DOC.

Nevers filed the handwritten complaint in narrative form and was sent a deficiency notice by the Clerk of Court for her failure to use the Court's preferred § 1983 form and failure to submit

---

[1]Rec. Doc. No. 1 (deficient complaint).

a filing fee or pauper application.[2]  Although Nevers has not corrected the complaint form, she has submitted a certified pauper application.[3]  For the following reasons, the pauper motion should be deferred, and the matter transferred to the United States District Court for the Middle District of Louisiana.

I.     **Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.  *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).  The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice.  *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

II.    **Discussion**

The plaintiff asserts that her causes of action arose in and the defendants are employed at LCIW.  The defendants and LCIW are located in St. Gabriel, Louisiana, which is within the geographical boundaries of Iberville Parish and the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  The DOC headquarters and Secretary LeBlanc can be

---

[2] Rec. Doc. Nos. 1, 2.

[3] Rec. Doc. No. 3.  The Court will recommend that ruling on this motion be deferred to the receiving court.

found in Baton Rouge, Louisiana in East Baton Rouge Parish, which are also within the Middle District of Louisiana. The plaintiff does not allege that the defendants reside in or can be located within this district. The interest of justice dictates that venue is proper in the Middle District of Louisiana.

### III.   Recommendation

It is therefore **RECOMMENDED** that plaintiff's Motion for Leave to Proceed as a Pauper (Rec. Doc. No. 3) be **DEFERRED** and the entire matter **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 25th day of September, 2019.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.